IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| HAROLD ROSENTHAL,           Plaintiff, | :: :: :: | <u>BIVENS</u> ACTION  28 U.S.C. § 1331 |
| v. | :: :: | |
| UNKNOWN,           Defendant. | :: :: | CIVIL ACTION NO.  1:18-CV-1876-ODE-RGV |

**<u>FINAL REPORT AND RECOMMENDATION</u>**

Plaintiff Harold Rosenthal, presently confined in the United States Penitentiary in Atlanta, Georgia, submitted to the Court a forty-one-page pleading concerning the impact of his confinement on his serious medical conditions, [Doc. 1], which was docketed as this <u>pro se</u> civil rights action. Additionally, plaintiff had neither prepaid the $350.00 filing and $50.00 administrative fees that are required for civil actions nor submitted a financial affidavit seeking leave to proceed <u>in forma pauperis</u>. Accordingly, on May 7, 2018, the Court ordered plaintiff to file an amended complaint and to either pay the fees or submit the required affidavit within thirty days. [Doc. 2]. The Court advised plaintiff that failure to timely comply with the order could result in the dismissal of this action. [<u>Id.</u> at 4]. When plaintiff failed to do so, the Court entered a second order on June 18, 2018, directing plaintiff to show cause within twenty-one days why this action should not be dismissed for failure to prosecute and

AO 72A
(Rev.8/82)

reminding him that failure to respond could result in the dismissal of this action. [Doc. 3]. More than twenty-one days have passed since entry of the second order, but plaintiff has not taken any steps to prosecute this case.

"Pursuant to Fed.R.Civ.P. 41(b), a district court may *sua sponte* dismiss a plaintiff's action for failure to comply with the rules or any order of the court." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 656 (11th Cir. 2009) (per curiam) (citing Lopez v. Aransas Cnty. Indep. Sch. Dist., 570 F.2d 541, 544 (5th Cir. 1978)[1]). "In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (citing Link v. Wabash R.R., 370 U.S. 626, 630-31 (1962)).

The Court's Local Rules also provide that "[t]he court may, with or without notice to the parties, dismiss a civil case for want of prosecution if . . . [a] plaintiff . . . shall, after notice, . . . fail or refuse to obey a lawful order of the court in the case." LR 41.3A(2), NDGa. Because plaintiff has failed to comply with the Court's orders

---

[1] Decisions of the Fifth Circuit rendered before October 1, 1981, are binding precedent in the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

to file an amended complaint and to either pay the fees or submit a financial affidavit and to show cause why this action should not be dismissed for failure to prosecute, this case should be dismissed. See Wimbush v. Georgia, 673 F. App'x 965, 968 (11th Cir. 2016) (per curiam) (affirming dismissal of prisoner's civil rights complaint for failure to obey the court's orders); Milton v. Everhome Mortg. Co., No. 1:11-CV-2340-TWT-JFK, 2011 WL 4975512, at *1-2 (N.D. Ga. Sept. 15, 2011) (recommending dismissal of pro se complaint without prejudice where plaintiff failed to comply with court order to complete and return service forms after being advised that failure to comply could result in dismissal and after failing to respond to show cause order), adopted by, 2011 WL 4975442 (N.D.Ga. Oct 18, 2011); Wyche v. Frazier, No. 1:07-CV-1962-TWT, 2008 WL 544925, at *1 (N.D. Ga. Feb. 26, 2008), adopted at *1 (dismissing pro se habeas petition without prejudice where petitioner failed to comply with court order to pay the $5.00 filing fee, despite forewarning that failure to do so could result in dismissal).  For the foregoing reasons, it is **RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** for plaintiff's failure to prosecute and failure to obey the Court's orders of May 7, 2018, and June 18, 2018.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO RECOMMENDED**, this 27th day of JULY, 2018.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE